ADAM HOLLOWAY, Appellant, v. EMILE GALLIAC, Respondent.

No. 1996; November 30, 1869.

**Landlord and Tenant—Estoppel to Deny Title.**—A lease given to a person in possession of land by a person out of possession, and accepted by the first person under threat of being ousted in case of his rejecting it, does not estop the lessee to deny the title of the lessor.

**Evidence.—A Plaintiff Claiming Title Through Commissioners,** acting for a town to which lands have been confirmed, cannot rest on an admission by the defendant at the trial that such lands had been so granted, if virtually there was an exception in the grant; but he must show that the exception did not affect the property he was given title to.

See Holloway v. Galliac, 47 Cal. 474, 49 Cal. 149.

APPEAL from Third Judicial District, Santa Clara County.

Bodley & Rankin for appellant; S. O. Houghton for respondent.

RHODES, J.—The defendant was in possession of the premises in controversy at the time when he leased the same from the plaintiff. The plaintiff showed the defendant his title papers, and told him that, if he did not take a lease from him (the plaintiff), he would bring suit against him, and put him out of possession. According to the rule laid down in Tewksbury v. Magraff, 33 Cal. 244, and Franklin v. Merida, 35 Cal. 558, 95 Am. Dec. 129, the defendant is not estopped from disputing the plaintiff's title. The plaintiff not having held the possession at the time when the lease was made, and the defendant not having acquired the possession by means of the lease, nor any right or interest whatsoever in the premises, from the plaintiff, unless the latter, in fact, then held title, he cannot allege that the lease has worked any detriment to him, or deprived him of any advantage he then might have enjoyed, in trying the title to the premises.

The plaintiff, therefore, not being entitled to the benefit of an estoppel arising from the lease, to show his right to the possession cannot recover except upon proof of title. The same burden of proof is upon him that there would have been had he sued the defendant without executing the lease. He claims title under a deed from the commissioners of the funded debt of San Jose. The only evidence in the case of title in the commissioners of the funded debt is the admission of the defendant, made at the trial, that the lot in controversy is within the limits of the land confirmed to the city of San Jose as the lands of the former Pueblo de San Jose, that the commissioners of the funded debt of said city "held the legal title to all the pueblo lands confirmed to said city, as the successors in interest of said pueblo, which had not before that time been granted or conveyed by the authorities of the former Pueblo de San Jose, or the city of San Jose."

The defendant presents the point that it was incumbent on the plaintiff to show that the premises had not been granted or conveyed by the pueblo, or the city, prior to the execution of the deed of the commissioners to the plaintiff's grantor, and that, as the plaintiff offered no proof upon this point, he failed to show title in himself. The point is, in our judgment, well taken. One authority only is cited by either party: that of Taylor v. Taylor, 3 A. K. Marsh. (Ky.) 19. The conveyance before the court, in that case, was of "the balance" of the tract of fourteen hundred acres; and the court held that it was necessary for the plaintiff to show what "the balance" was, and that it included the land in contest. No authority is cited in support of that decision, but, in our judgment, it is sustainable on principle: Mayor and Common Council of San Jose, Uridias, April Term, 1869. A party claiming title under a deed cannot show title to the premises in controversy by the mere production and proof of the deed. He must locate the lands conveyed—at least he must show that the description of the lands in the deed includes the lands in controversy. The deed may accurately and completely describe a tract of land, but it is impossible that it should identify it, and, therefore, extrinsic evidence must be introduced for that purpose. Such evidence is required in the simplest and plainest cases, in respect to matters of description of the property, such as a conveyance of a town

lot, which is described by its number on the town plat. It may not be necessary for the plaintiff, in the first instance, to prove the location of the lot described in the deed, for if he show that the defendant is in possession of a lot designated by the given number, and there is no evidence to show that there is another lot in the town having the same number, the identity of the numbers is sufficient evidence that the lot described in the deed is the lot in possession of the defendant. The same rule obtains in respect to proof of the identity of persons. When the party claiming under a deed is of the same name as the grantee of the deed, the identity of the names is evidence of the identity of the persons; but when the names are different, as happens in case of the marriage of a female grantee, the person claiming under the deed must show that he or she is the grantee mentioned in the deed.

"The same rule for the reception of evidence" (says Phillips) "applies to the thing described in a written instrument, no less than to the persons described. Extrinsic evidence is admissible for identifying the thing as well as the person intended by the maker of the instrument, that is, to enable the court to interpret his words, and to determine whether the description applies to the thing claimed. It is obvious that some kind of extrinsic evidence, even in the simplest case—except where the mere exposition of the instrument, taken by itself alone, is required of the court—is indispensably necessary, and, therefore, admissible": 2 Phil. Ev., C. H. & E. Notes, p. 718.

The admission of the defendant implies that portions of the general tract confirmed to the city had been granted or conveyed by the authorities of the pueblo, or of the city, before title vested in the commissioners of the funded debt; and, in order to show to what lands the title did vest in the commissioners, it was necessary for the plaintiff to show what lands had been previously granted or conveyed by the former authorities of the pueblo or the city—or, what would be sufficient for the purposes of the case, that the premises in controversy had not been previously conveyed by such authorities. Had the admission been that the title to the whole general tract passed to the commissioners, with the exception of designated parcels, or of the parcels conveyed to designated persons, it would not be questioned that the bur-

den of proof would have been on the plaintiff to show that the premises in dispute were without the exception. But the terms in which the exception is stated can make no difference in the application of the rule in question.

Judgment and order denying new trial affirmed.

We concur: Sanderson, J.; Crockett, J.; Sprague, J.